JAMES BOWLES, Plaintiff in Error, *v.* ANDREW McALLEN, Defendant in Error.

### ERROR TO GALLATIN.

A petition for partition cannot be sustained by a party who has no interest in the lands sought to be divided; nor by notice of a guardianship of an infant owner.
A petition in which a party describes himself as guardian of A. B., &c., will not be taken as filed for the ward.

THIS cause was heard at October term, 1853, of the Gallatin Circuit Court, by MARSHALL, Judge.

W. THOMAS, for Plaintiff in Error.

N. L. FREEMAN, for Defendant in Error.

SCATES, J. James A. Reed, an infant and ward of Andrew McAllen, being entitled to a part of the lands of his grandfather, John Reed, Andrew McAllen filed the petition in this case for a partition, in which he described himself " guardian of James Alexander Reed." Such steps were taken as obtained a report of partition from commissioners, but before confirmation, the ward died. Thereupon his death was suggested and

an amended petition filed, in which his heirs were plaintiffs. Another suggestion of the intermarriage of Rebecca Reed (one of the defendants,) with Joseph Bowles, was made, and an order to make him a party. The former decree and report of commissioners was set aside. No service was had upon Bowles. Upon this state of the case, a default was entered against all the defendants, and a decree entered that partition be made of the real estate.

Joseph Bowles brings the cause to this court and assigns errors.

The errors are well assigned.

Andrew McAllen had no interest in these lands, and could not sustain a petition for partition by virtue of a guardianship of an infant owner. It may be that he intended to file a petition for James A. Reed, the ward; but if so, he has mistaken the effect of the terms used. The same question, upon the same description of the plaintiff, was presented in *Hoare* v. *Harris*, 11 Ill. 25, where it was held to be mere description of the person, and did not present the ward as the party. In the same case, the court say the statute has not authorized the guardian to sue in his own name. So in *Bradby* v. *Amiden*, 10 Paige, 239. This was not a suit by James A. Reed, but by A. McAllen himself. The death of the infant, therefore, did not authorize the substitution of his heirs as parties. McAllen had no rights in the lands, as shown by the petition, and cannot sustain a suit for the partition.

Neither is it competent to change the party's plaintiff entirely, by substituting in his place others who have rights.

The proceeding was wrong in its commencement for want of a proper plaintiff, and we see no mode of correcting that error but by dismissing the petition without prejudice, as their names have been used, and let a new suit be instituted. It is to be remarked that the decree was erroneous as to Joseph Bowles, for want of service. The exceptions filed to former decrees would not dispense with service in a new suit.

He and Andrew McAllen are both proper parties now, in respect that their wives have interests in the lands to be divided, and their husbands should be joined.

Let the decree be reversed, and the petition dismissed without prejudice.

*Petition dismissed.*